**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM LUTHER** | : | **Case No.1:06-CV-060** |
| **Petitioner,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **UNITED STATES OF AMERICA** | : | <u>**MEMORANDUM & ORDER**</u> |
| **Respondent.** | : | |

Before the Court is Petitioner William Luther's Motion for Relief from this Court's Order to Show Cause.  (Doc. 7.)  For the following reasons, Luther's Motion is <u>**DENIED**</u> and his case is <u>**DISMISSED**</u>.

<u>**BACKGROUND**</u>

On November 3, 1997 Luther was indicted for conspiracy to commit armed bank robbery, in violation of 18 U.S.C. §§ 2113(a)(d) and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1).  On January 12, 1998, Luther pled guilty to both counts under a negotiated plea agreement; the parties agreed to a specific sentence of 97 months incarceration.  This Court sentenced Luther to a term of 37 months on the robbery charge and 60 months on the firearm charge, to be served consecutively.

On September 13, 2005, Luther filed a motion requesting a copy of the sentencing transcript, which this Court granted.[1]  On January 10, 2006, Luther filed a Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255.  (Doc. 1)  On April 27, 2007, this Court issued an order for Luther to show cause why his § 2255 motion should not be dismissed as time-barred.  (Doc. 6.)

_____

[1] Those transcripts have never been prepared or delivered to Luther.

On May 24, 2007, Luther filed his answer to the show cause order.  (Doc. 8.)  Luther asserts that he is actually innocent of his conviction.  (Doc. 8 at 2.)  In particular, he claims that although he possessed a firearm, he did not "use" one as that term is defined in the second Count of his conviction under 18 U.S.C. § 924(c)(1).  (*Id*.)  Luther also asserts various other claims that he argues are preserved notwithstanding his failure to comply with § 2255's prescribed time-limit, because he exercised due diligence in pursuit of these claims.[2]

## ANALYSIS

### A. Luther is Not Actually Innocent Under 18 U.S.C. § 924(c)(1)

Luther's claim of actual innocence must fail for the straightforward reason that he admits to violating § 924(c)(1), the statute under which he was convicted.  Luther asserts that he "did nothing but possess a firearm.... [he] merely had a holstered handgun."  (Doc 8 at 2.)  The problem for Luther is that § 924(c)(1) criminalizes carrying a firearm during the commission of a crime of violence. Indeed, a unanimous Supreme Court noted that even a hidden gun would support a conviction under § 924(c)(1).  *Bailey v. United States*, 516 U.S. 137, 146 (1995) ("[A] firearm can be carried without being used, e. g., when an offender keeps a gun hidden in his clothing throughout a drug transaction."); *see also See United States v. Riascos-Suarez*, 73 F.3d 616, 623 (6th Cir. 1996) ("[F]or a defendant to be convicted of carrying a gun in violation of section 924(c)(1), the firearm must be immediately available for use – on the defendant or within his or her reach.").[3]  As Luther concedes

_____

[2] In particular, Luther alleges that his guilty plea was not knowing or voluntary, that he was denied effective assistance of council, that he was convicted in violation of double jeopardy, that his sentence should have carried a 3-point downward departure, and that his sentence is illegal under *Booker*.

[3] To be precise, former 18 U.S.C. § 924(c)(1), the statute under which Luther was convicted, criminalized using or carrying a firearm.  *See United States v. Pagan-Ortega*, 372 F.3d 22, 30 (1st Cir. 2004) ("[T]he relevant portion of 18 U.S.C. § 924(c) has been amended - in

that he "had a holstered handgun," it is clear that he "carried" a gun in violation of § 924(c)(1).  He is not, consequently, actually innocent of violating this statute.

**B. Luther Did Not Exercise Due Diligence Under § 2255**

Luther asserts multiple claims in addition to his claim of actual innocence and adds that he "may have claims about his sentence and conviction" that he cannot raise until he reviews his transcripts.  He asserts that, although his § 2255 petition comes long after the expiration of the one-year limit, he exercised "due diligence" in the pursuit of his rights and is thus entitled to pursue any claims that he might have.  He argues that his status as a pro se petitioner and his limited access to legal materials or legal advice excuses his late filing.

Although this Court might not go as far as some of the authority cited by the Government, it is true that "under Section 2255's plain terms ... 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing' of Section 2255 motions."  *United States v. Azubuike*, 267 Fed. Appx. 731, 733 (10th Cir. 2008) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)); *see also United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) ("[Petitioner] contends his status as a pro se litigant relieves him of possessing detailed knowledge of the procedural nuances of § 2255 motions.... lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations."); *Reed v. United States*, 13 Fed. Appx. 311, 313 (6th Cir. Ohio 2001) ("[I]gnorance about filing a § 2255 motion [does] not toll the limitations period.") (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)).  It cannot be said that a petitioner who does not even think to request his transcripts until more than seven years have passed since his guilty plea has exercised

---

direct response to *Bailey* - to include mere possession.").

the due diligence contemplated by § 2255, absent some type of truly exceptional circumstance not argued before the Court today.  Consequently, any additional claims under § 2255 are time-barred and his request for transcripts is denied as moot.

**CONCLUSION**

For the foregoing reasons, Luther's Motion (Doc. 7) is **DENIED** and his case is **DISMISSED**.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: January 28, 2009**